NOT FOR PUBLICATION                             [Docket No. 7, 8 & 9]

```
                IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF NEW JERSEY
                           CAMDEN VICINAGE
```

| | |
|---|---|
| DANA L. BUSH, | |
| Plaintiff, | |
| | Civil No. 08-1133(RMB) |
| v. | |
| RMS INSURANCE, et al., | **OPINION** |
| Defendants. | |

APPEARANCES:

Richard L. Press
PRESS & TAGLIALATELLA, LLC
23 E. Black Horse Pike
Pleasantville, NJ 08232
    Attorneys for Plaintiff, Dana L. Bush

Randi F. Knepper
MCELROY, DEUTSCH, MULVANEY & CARPENTER, LLC
1300 Mt. Kemble Avenue
P.O. Box 2075
Morristown, NJ 07962-2075

Robert P. Lesko
WILSON ELSER
33 Washington Street
Newark, NJ 07102

Ross Lewin
DRINKER, BIDDLE & REATH, LLP
105 College Road East
PO BOX 627
Princeton, NJ 08542-0627

**BUMB**, United States District Judge:

**Introduction:**

This matter comes before the Court upon Defendant's, Disability Reinsurance Management Services, Inc., (hereinafter "DRMS"), partial Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and Defendants', United States Life Insurance Company and the New Jersey Hospital Association Insurance Fund, "motions" to join in DRMS' motion to dismiss. Plaintiff has filed no opposition to this motion.[1] For the reasons set forth below, the motions will be granted.

**Background:**

Defendants removed the above captioned matter to this Court on March 5, 2008. Plaintiff's underlying state court complaint sets forth only two counts, but each count contains several claims. Count 1 reveals that Plaintiff was receiving disability benefits pursuant to her "policy or policies of insurance" and that on July 18, 2006, Defendants "made a decision that she would no longer receive total disability benefits. . . ." Compl. at ¶ 1. Plaintiff avers that the decision to cease benefits constitutes breach of contract, breach of ERISA, breach of the obligation of good faith and fair dealing, breaches the New Jersey Fair Settlement Claims Practices Statue and intentional

---

[1] Attempts to contact Plaintiff's counsel were unsuccessful.

interference with perspective [sic] economic advantage.  <u>Id.</u> Count 1 also appears to assert a claim for negligence and, in the form of relief, Plaintiff requests compensatory damages, punitive damages, counsel fees and costs, interest for back payments, and equitable consideration for future benefits.  <u>Id.</u>  Count Two reiterates many of the same claims against John Doe companies.

**Standard of Review:**

A Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief may be granted must be denied if the plaintiff's factual allegations are "enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true, (even if doubtful in fact)."  <u>Bell Atlantic Corp. v. Twombly</u>, 127 S. Ct. 1955, 1965 (2007)(internal citations omitted).  Moreover, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations,...a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  <u>Id.</u> (internal citations omitted).

A district court must accept any and all reasonable inferences derived from those facts.  <u>Unger v. Nat'l Residents Matching Program</u>, 928 F.2d 1392 (3d Cir. 1991); <u>Glenside West</u>

Corp. v. Exxon Co., U.S.A., 761 F. Supp. 1100, 1107 (D.N.J. 1991); Gutman v. Howard Sav. Bank, 748 F. Supp. 254, 260 (D.N.J. 1990).  Further, the court must view all allegations in the Complaint in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994).

Therefore, in deciding a motion to dismiss, a court should look to the face of the complaint and decide whether, taking all of the allegations of fact as true and construing them in a light most favorable to the nonmovant, plaintiff has alleged "enough facts to state a claim for relief that is plausible on its face." Twombly, 127 S. Ct. at 1974.  Only the allegations in the complaint, matters of public record, orders, and exhibits attached to the complaint matter, are taken into consideration. Chester County Intermediate Unit v. Pennsylvania Blue Shield, 896 F.2d 808, 812 (3d Cir. 1990).

**Discussion:**

DRMS argues that, with the sole exception of the cause of action seeking benefits under ERISA, Plaintiff's Complaint should be dismissed.  Moreover, Bush's claims for compensatory punitive and other damages outside of ERISA's remedial scheme should be stricken as should Plaintiff's request for a jury trial.

*a) Preemption*

Congress enacted ERISA to comprehensively regulate employee welfare benefit plans that "through the purchase of insurance or otherwise, provide medical, surgical or hospital care, or benefits in the event of sickness, accident, disability or death." 29 U.S.C. § 1002(1). To that end, ERISA contains an expansive, mandatory preemption provision that ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan" covered by the statute. 29 U.S.C. § 1144(a). Accordingly, "any state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore preempted." Aetna Health, Inc. V. Davila, 542 U.S. 200, 209 (2004) (holding Texas statute that imposed duty of ordinary care in the handling of coverage decisions was completely preempted by ERISA).

Courts conduct a two part analysis to determine whether state law claims are preempted by ERISA. First, a court must determine whether the plan at issue qualifies as an ERISA benefits plan. Second, the court must determine whether the applicable state laws "relate to" that plan. Way v. Ohio Cas. Ins. Co., 346 F. Supp. 2d 711, 714 (D.N.J. 2004).

ERISA defines an employee welfare benefit plan, in pertinent part, as:

5

> Any plan, fund, or program which has heretofore or is hereafter established or maintained by an employer...to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries...(A) medical, surgical or hospital carte or benefits, or benefits in the event of sickness, accident, disability....

29 U.S.C. § 1002(1).  DRMS states that the Plan at issue constitutes an "employee benefit plan."  Plaintiff has not disputed this fact, and, from the contents of the Complaint, Plaintiff explicitly states that Defendants' actions with regard to her disability benefits constitute a "breach of Plaintiff's rights pursuant to the Employee Retirement Income Security Act (ERISA). . . ."  Compl. at ¶ 1.  This Court finds, therefore, that the disability plan at issue constitutes an ERISA plan.

Turning to the second part of the preemption analysis, ERISA preempts Plaintiff's claims because all of her claims "relate to" an ERISA plan.  "The Supreme Court has generally held that state laws 'relate to' an ERISA plan if the law either has a 'reference to' or has a 'connection with' the plan at issue."  Way, 346 F. Supp. 2d at 718 (citations omitted).  Plaintiff's breach of contract, good faith and fair dealing, and intentional interference claims clearly relate to her claim for benefits under the ERISA plan as the alleged breach of this plan, via cessation of disability benefits, gives rise to these claims.  As such, these claims

directly relate to the Plan and ERISA completely preempts Plaintiff's state law claims.  See Barber v. UNUM Life Ins. Co. of Am., 383 F.3d 134, (3d Cir. 2004)(stating that a state statute is preempted by ERISA if it provides a form of ultimate relief in a judicial forum that added to the judicial remedies provided by ERISA, or if it duplicates, supplements, or supplants the ERISA civil enforcement remedy.) (internal quotations and citations omitted).

While Plaintiff's Complaint refers to the "New Jersey Fair Settlement Claims Practices Statute," she provides no statutory citation.  As Defendants argue, and Plaintiff does not dispute, Plaintiff is likely referring to the New Jersey Insurance Trade Practices Act ("ITPA"), N.J. Stat. Ann. § 17:29B-1 et seq.  The ITPA empowers the New Jersey Commissioner of Banking and Insurance to examine and investigate into the affairs of every person engaged in the business of insurance in the state.  See Weiss v. First Unum Life Ins. Co., 482 F.3d 254, 263 (3d Cir. 2007).  In order for an individual to pursue a claim under the ITPA, they must first file a complaint with the Commissioner - as such, there is no per se individual private right of action.  Id. at 264; Specialty Ins. Agency v. Walter Kaye Assocs., Inc., 1989 U.S. Dist. LEXIS 11842 at * 7 (D.N.J. Oct. 2, 1989) ("no individual or private right of action exists under the

7

ITPA."). Because there is no private right of action, Plaintiff's claims brought pursuant to this statute fail to state a claim upon which relief may be granted.

*b) Remedies*

Defendants also contend that Plaintiff's Complaint seeks remedies impermissibly outside of ERISA's remedial scheme. Defendants argue that Plaintiff is only entitled to the remedies provided under 29 U.S.C. § 1132(a)(1)(B). This Court agrees that Plaintiff is limited to the remedies permitted pursuant to ERISA under the principles of conflict preemption. More specifically, Plaintiff is not entitled to either compensatory or punitive damages. See DiFelice v. Aetna U.S. Healthcare, 346 F.3d 442, 458 (3d Cir. 2003)(Becker, J., concurring) (noting that "a string of Supreme Court cases has interpreted ERISA to disallow any recovery of compensatory or punitive damages" and discussing Supreme Court cases regrading the same); Devito v. Aetna, Inc., 536 F. Supp. 2d 523, 531 (D.N.J. 2008)("[i]t is settled law that ERISA does not provide compensatory or punitive damages.").

This Court notes, however, that an award of attorney's fees is not foreclosed at this juncture. Such fees, while discretionary, are potentially available pursuant to ERISA Section 502(g)(1) to prevailing parties under appropriate

8

circumstances.  McPherson v. Employees' Pension Plan of American Re-insurance Co., 33 F.3d 253, 254 (3d Cir. 1994) (setting forth five-factor test used to determine if attorney's fees and costs should be awarded) (citing Ursic v. Bethlehem Mines, 719 F.2d 670, 673 (3d Cir.1983)).  Thus, this Court will not foreclose the possibility of such an award at this stage.  See Hamilton v. Bank of New York (Del.), 1995 U.S. Dist. LEXIS 10464 at 10-11 (D. Del. 1995) (discussing award of attorney's fees and costs under Section 502(g)(1) where plaintiff's was brought pursuant to ERISA § 502(a)(1)(B), 29 U.S.C.§ 1132(a)(1)(B)).  Similarly, Plaintiff's request for prejudgment interest is not foreclosed; the Third Circuit has "pointed out that 'an ERISA plaintiff who prevails under § 502(a)(1)(B) in seeking an award of benefits may request prejudgment interest as part of his or her benefits award.'" Skretvedt v. EI Dupont De Nemours & Co., 2008 U.S. App. LEXIS 830 at * 5 (3d Cir. 2008)(quoting Skretvedt v. E.I. Dupont de Nemours, 372 F.3d 193, 208 (3d Cir. 2004)).

   *c) Jury Demand*

   For the reasons stated above, Plaintiff's only remaining causes of action are based in an ERISA claim for benefits.  The Third Circuit has repeatedly stated that

there is no right to a jury trial for claims for benefits, pursuant to 502(a)(1)(B), which are analogous to breach of trust and, therefore, typically heard in courts of equity. See Eichorn v. AT&T Corp., 484 F.3d 644, 656 (3d Cir. 2007); Cox v. Keystone Carbon Co., 849 F.2d 647, 649-50 (3d Cir. 1990). Because the law is clear that there is no right to jury trial for ERISA claims seeking these plan benefits, Plaintiff's jury demand will be stricken.

**Conclusion:**

For the aforementioned reasons, all claims asserted by Plaintiff's Complaint, other than her claim for benefits pursuant to ERISA, are dismissed. Moreover, Plaintiff's requests for compensatory and punitive damages are stricken as is her demand for a jury trial. An appropriate Order will issue this date.


Dated: April 21, 2008                s/Renée Marie Bumb
                                     RENÉE MARIE BUMB
                                     UNITED STATES DISTRICT JUDGE